## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| DARIELLE GOINS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SWISSPORT USA, INC. | **Case No. 5:23-cv-00036**<br>FLSA Collective Action<br><br><br><br>Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Like many other companies across the United States, Swissport USA, Inc.'s ("Swissport") Kronos-based timekeeping and payroll systems were affected by a service outage beginning in December 2021.

2.     That outage led to problems in timekeeping and payroll throughout Swissport's organization.

3.     As a result, Swissport's workers who were not exempt from overtime under federal law were not paid for all hours worked, including overtime and minimum wages, on time if at all for their work during and after the Kronos outage.

4.     Darielle Goins is one such Swissport worker.

5.     Swissport's failure to pay wages, including proper overtime and minimum wages, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

6.     Darielle Goins ("Goins") worked for Swissport during the Kronos outage and was affected by these pay practices, like Swissport's other workers.

7. This action seeks to recover the unpaid wages and other damages Swissport owes Goins and these all these workers under the law, including unpaid wages, liquidated damages, penalties, interest, and other remedies provided by federal law.

JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Swissport is headquartered in this District and Division.

PARTIES

10. **Plaintiff Darielle Goins** is a natural person.

11. Goins is and was, at all relevant times, an employee of Swissport.

12. During the Kronos outage, Goins worked for Swissport.

13. Goins represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Swissport who worked in the United States at any time during payroll cycles affected by Swissport's Kronos service outage, beginning on or about December 11, 2021, until the time that Swissport regained full access to all Kronos products and services, <u>and</u> resumed normal employee timekeeping and payment operations.**

14. Throughout this Complaint, the FLSA Collective members are also referred as the "Similarly Situated Workers."

15. **Defendant Swissport USA, Inc. ("Swissport")** is a foreign corporation.

16. Swissport's headquarters and principal place of business is within this District and Division.

17.     Swissport may be served by service upon its registered agent, **Corporation Service Company, 2626 Glenwood Ave., Ste. 550, Raleigh, NC 27608**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

18.     At all relevant times, Swissport was an employer of Goins within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all relevant times, Swissport was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     Swissport was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     During at least the last three years, Swissport has had gross annual sales in excess of $500,000.

22.     Swissport was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23.     Swissport employs many workers, including Goins, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

24.     The goods and materials handled, sold, or otherwise worked on by Goins and other Swissport employees and that have been moved in interstate commerce include, but are not limited to, computers, peripherals, electronic equipment, parcels, forklifts, and airplanes.

## FACTS

25.     Swissport provides airport ground services and air cargo handling.

26. The products and services offered by Swissport include passenger services, ramp handling, air cargo handling, fueling, executive aviation, and lounge hospitality.

27. Many of Swissport's employees are non-exempt hourly and salaried workers.

28. Since at least 2021, Swissport has used Kronos timekeeping software and hardware operated and maintained.

29. On or about December 11, 2021, the Kronos system suffered a disruption in service due to a ransomware attack.

30. The Kronos outage interfered with the ability of its customers, including Swissport, to use Kronos software and hardware to track hours and pay employees.

31. For at least a portion of time following the Kronos outage, Swissport failed to accurately track the hours that Goins and Similarly Situated Workers worked.

32. For at least a portion of time following the Kronos outage, Swissport failed to correctly pay Goins and Similarly Situated Workers for the hours that it did track, or for hours that were not tracked.

33. Instead, Swissport has used various methods to estimate the number of hours Goins and Similarly Situated Workers work in each pay period.

34. As a result of Swissport's failure to accurately track their actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

35. As a result of Swissport's failure to accurately track the actual hours worked each week, employees who were non-exempt were in many cases paid less than the hours they worked in the workweek, including overtime hours.

36.     As a result of Swissport's failure to accurately pay non-exempt employees the hours that they reported each week, employees who were non-exempt were in many cases paid less than the hours they worked in the workweek, including overtime hours.

37.     Many employees were not paid for all their non-overtime wages for hours worked in certain workweeks.

38.     Goins is one of the many Swissport employees affected by these pay and timekeeping practices.

39.     Goins regulary worked over 40 hours per week for Swissport.

40.     Goins worked 40 hours, or more, during one or more weeks of the Kronos outage beginning in December 2021.

41.     But Goins was not paid the proper overtime premium for all hours worked on time, if at all, for each of these weeks since the onset of the Kronos service disruption, on or about December 11, 2021.

42.     And during at least two weeks, Goins was not paid at least the minimum wage for all hours worked.

43.     For example, during those two pay periods, Goins worked at least 40 hours, but was paid only $230 each week.

44.     Based on a 40 hour week, that means Goins was paid only $5.75 per hour.

45.     The amount that Goins was paid for her hours in this pay period fell short of the minimum wage under federal law.

46.     Instead of paying Goins for the hours she actually worked (including minimum wage and overtime), Swissport failed to pay Goins for her actual hours worked and at her regular rates of pay, in multiple workweeks.

47.     In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

48.     Swissport knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

49.     Swissport knows this because, prior to the Kronos outage, it routinely paid these workers for all overtime hours at the proper overtime rates.

50.     Swissport knows it has to pay its employees at or above the minimum wage.

51.     Swissport knows this because, prior to the Kronos outage, it routinely paid these workers for all hours worked at rates at or above the minimum wage.

52.     Swissport could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

53.     But Swissport did not accurately track time and fully and timely pay employees for the time they worked, including overtime hours, and at the regular rates at which they were supposed to be paid.

54.     It was feasible for Swissport to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

55.     But Swissport failed to put a competent system in place to ensure that happened.

56.     In other words, Swissport pushed the effects of the Kronos outage onto the backs of its most economically vulnerable workers, rather than take steps to make sure its employees were paid on time and in full for the work they did.

57.     An employer cannot set up inefficient timekeeping and payroll systems and then claim it is not responsible for the timely payment of wages. *Cahill v. City of New Brunswick*, 99 F.Supp.2d 464, 475 (D.N.J. 2000).

58.     Yet, in the wake of the Kronos outage, that is exactly what Swissport did.

59.     Goins is just one of the many Swissport employees who had to shoulder the burden of Swissport's timekeeping and payroll policies and practices.

60.     Goins was a non-exempt hourly employee of Swissport.

61.     Goins's normal, pre-Kronos outage hours are reflected in Swissport's records.

62.     Goins regularly worked over 40 hours per week for Swissport during payroll cycles affected by the Kronos outage.

63.     In payroll cycles affected by the Kronos outage, Swissport did not timely pay Goins and its other workers for their actual hours worked each week.

64.     In payroll cycles affected by the Kronos outage, Swissport did not accurately record the hours worked by Goins and its other workers, in multiple workweeks.

65.     Swissport was aware of the minimum wage requirements of the FLSA.

66.     Swissport nonetheless failed to pay the minimum wages owed to certain employees, such as Goins.

67.     Swissport's failure to pay minimum wages to these workers constitutes a willful violation of the FLSA.

68.     Swissport was aware of the overtime requirements of the FLSA.

69.	Swissport nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Goins.

70.	Swissport's failure to pay overtime to these non-exempt workers constitutes a willful violation of the FLSA.

71.	The full overtime wages owed to Goins and the Similarly Situated Workers became "unpaid" when the work for Swissport was done—that is, on Goins and the Similarly Situated Workers' regular paydays. *See*, *e.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

72.	At the time Swissport failed to pay Goins and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Swissport became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

73.	In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

74.	Any payment made by Swissport to Goins or the Similarly Situated Workers that Swissport may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

75.	The untimely payment of wages owed under the FLSA does not, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*,

602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

76.     Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Swissport's acts and omissions resulting in the unpaid wages in the first place.

77.     Goins and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Swissport under federal law.

COLLECTIVE ACTION ALLEGATIONS

78.     Numerous individuals were victimized by Swissport's patterns, practices, and policies, which are in willful violation of the FLSA.

79.     Based on her experiences and tenure with Swissport, Goins is aware that Swissport's illegal practices were imposed on the FLSA Collective.

80.     The FLSA Collective members were not paid at least the minimum wage for all hours worked.

81.     The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

82.     These employees are victims of Swissport's respective unlawful compensation practices and are similarly situated to Goins in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

83.     The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

84.     Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to minimum wages and/or overtime pay.

85. Swissport's failure to pay minimum wages and/or overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

86. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—VIOLATIONS OF THE FLSA

87. Goins incorporates all other allegations.

88. By failing to pay Goins and the FLSA Collective members overtime at 1.5 times their regular rates, on time and in full, Swissport violated the FLSA. 29 U.S.C. § 207(a).

89. By failing to pay Goins and the FLSA Collective members at least their minimum wages, on time and in full, Swissport violated the FLSA. 29 U.S.C. § 206(a).

90. Swissport owes Goins and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

91. Swissport owes Goins and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

92. Likewise, Swissport owes Goins and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours. 29 C.F.R. § 778.315.

93. Swissport knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Goins and the Collective members the compensation owed to them under the FLSA.

94. Because Swissport knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Swissport owes these wages for at least the past three years.

95. Swissport's failure to pay compensation owed under the FLSA to Goins and the Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

96. Because Swissport's decision not to pay overtime was not made in good faith, Swissport also owes Goins and the Collective members an amount equal to the unpaid wages as liquidated damages.

97. Accordingly, Goins and the FLSA Collective members are entitled to their unpaid wages under the FLSA (including minimum wages for all hours worked, their agreed-upon wages up to 40 hours each week they worked overtime, and overtime wages in an amount equal to 1.5x their regular rates of pay), plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Goins prays for judgment against Swissport as follows:

 a.   For an order certifying a collective action for the FLSA claims;

 b.   For an order finding Swissport liable for violations of federal wage laws with respect to Goins and all FLSA Collective members covered by this case;

 c.   For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Goins and all FLSA Collective members covered by this case;

 d.   For a judgment awarding attorneys' fees to Goins and all FLSA Collective members covered by this case;

 e.   For a judgment awarding costs of this action to Goins all FLSA Collective members covered by this case;

f.   For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Goins and all FLSA Collective members covered by this case; and

g.   For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Kimberly De Arcangelis, Esq.**
Florida Bar No.: 0025871
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email:       rmorgan@forthepeople.com
             kimd@forthepeople.com

**Attorneys for Plaintiff**

*/s/ Adam A. Smith*

By: _____

**Adam A. Smith, Esq.**
NC Bar No.: 31798
**RIDDLE & BRANTLEY, LLP**
PO Box 11050
Goldsboro, NC 27532
Telephone:   (919) 778-9700
Facsimile:   (919) 432-1751
Email: AAS@justicecounts.com

**Local Civil Rule 83.1(d) Counsel**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____

**Matthew S. Parmet**